# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JIMMY MEMMON and ISIS ROBINSON,

    Plaintiffs,

v.                                                                   Case No: 5:17-cv-395-Oc-30PRL

UNITED STATES OF AMERICA and
ATF,

    Defendants.

_____

## **ORDER**

THIS CAUSE comes before the Court *sua sponte*. Plaintiffs filed a 42 U.S.C. § 1983 action against the United States and ATF in the Middle District of Florida, Ocala Division. Plaintiffs, who now reside in Gainesville, Florida, claim Defendants entered their former residence in Tampa without a search warrant and illegally confiscated two handguns.

Under 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). 28 U.S.C. § 1391(e) states:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil

Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Venue is improper in the Ocala Division of the Middle District of Florida under § 1391(e). Venue would be proper in either the Tampa Division of the Middle District of Florida, *see* § 1391(e)(2), or the Gainesville Division of the Northern District of Florida, *see* § 1391(e)(3). Rather than dismiss the Complaint, the Court deems it appropriate to give Plaintiffs an opportunity to choose to which venue they would prefer the case to be transferred. Accordingly, it is therefore

ORDERED AND ADJUDGED that:

1. Plaintiffs shall file a notice with the Court within seven (7) days from the date of this Order stating whether they would like the Court to transfer this case to the Gainesville Division of the Northern District of Florida, or the Tampa Division of the Middle District of Florida. If Plaintiffs fail to respond to this Order, the Court will dismiss this action without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of September, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record